UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| **MATTHEW D. MYERS, et al.,** )<br>)<br>    **Plaintiffs,** )<br>)<br>    v. )<br>)<br>**NERMIN MAKALIC, et al.,** )<br>)<br>    **Defendants.** ) | **CAUSE NO. 1:07-CV-269** |

## OPINION AND ORDER

This case was filed by Plaintiffs in the district court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 1.)  The Plaintiff's Amended Complaint (Docket # 5) alleges that Plaintiff Matthew Myers is a resident of the state of Ohio, that Defendant Nermin Makalic is a resident of Missouri, that Defendant NR Trucking, Inc., is "a company doing business in . . . Illinois," and that Defendant Imperial Eagle Express, Inc., is "domiciled" in Illinois. (Am. Compl. 1, 3-4.)  The Amended Complaint fails to allege any such information with respect to Plaintiff Annette Myers.

Plaintiff's Amended Complaint is inadequate. *See generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 678 (7th Cir. 2006) (stating that the court has an obligation to inquire into its own subject matter jurisdiction).  This is because the "residency" of each party is meaningless for purposes of diversity jurisdiction, as "citizenship is what matters."[1] *Guar. Nat'l*

---

[1] For purposes of determining diversity jurisdiction, each party's citizenship must be articulated as of "the time of the filing of the complaint," rather than the date the claims are alleged to have arisen or some other time material to the lawsuit. *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992); *see Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996).
   Moreover, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citing

*Title Co. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332); *see* 28 U.S.C. § 1332; *Nilssen v. Motorola, Inc.*, 255 F.3d 410, 412 (7th Cir. 2001). "It is well-settled that when the parties allege residence but not citizenship, the court must dismiss the suit." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (internal quotation marks and citation omitted)); *see generally Smoot*, 469 F.3d at 677-78.

Therefore, the Court must be advised of each party's citizenship, not residency. As to Plaintiff Matthew Myers, Plaintiff Annette Myers, and Defendant Nermin Makalic, "[f]or natural persons, state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993); *see also Am.'s Best Inns, Inc.*, 980 F.2d at 1074 ("In federal law citizenship means domicile, not residence.").

As to Defendant NR Trucking, Inc., and Defendant Imperial Eagle Express, Inc., corporations "are deemed to be citizens of the state in which they are incorporated *and* of the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (emphasis added); *see* 28 U.S.C. § 1332(c)(1). Thus, the Court must be apprised of both facts with respect to these two Defendants.

Therefore, Plaintiff is ORDERED to file by March 10, 2008, a Second Amended

---

*Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *see also Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683-84 (7th Cir. 1992); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc.*, 142 F.R.D. at 152.

Complaint that properly identifies the citizenship of each party.

    SO ORDERED.

    Enter for this 28th day of February, 2008.

                                               /S/ Roger B. Cosbey
                                               Roger B. Cosbey,
                                               United States Magistrate Judge