UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| **MATTHEW D. MYERS, et al.,** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:07-CV-269 |
| | ) | |
| **NERMIN MAKALIC, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This case was filed by Plaintiffs in the district court based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  (Docket # 1.)  The Plaintiffs' Amended Complaint (Docket # 5) alleged that Plaintiff Matthew Myers is a resident of the state of Ohio, that Defendant Nermin Makalic is a resident of Missouri, that Defendant NR Trucking, Inc., is "a company doing business in . . . Illinois," and that Defendant Imperial Eagle Express, Inc., is "domiciled" in Illinois.  (Am. Compl. 1, 3-4.)  The Amended Complaint failed to allege any such information with respect to Plaintiff Annette Myers.

Consequently, in an Opinion and Order entered on February 28, 2008, Plaintiffs' Amended Complaint was deemed inadequate.  (Docket # 25.)  *See generally Smoot v. Mazda Motors of Am., Inc.*, 469 F.3d 675, 678 (7th Cir. 2006) (stating that the court has an obligation to inquire into its own subject matter jurisdiction).  The Court instructed the Plaintiffs to file a Second Amended Complaint properly identifying the citizenship of the individual plaintiffs and defendant, as well as the locations where each defendant corporation is incorporated and has its principal place of business.  (Docket # 25.)

On March 20, 2008, the Plaintiffs filed a Second Amended Complaint. (Docket # 29.) Although they alleged the citizenship of the individuals this time, they again failed to properly detail the citizenship of the defendant corporations. (Docket # 29.) Instead, the Plaintiffs simply indicated that each "was a company doing business in, incorporated in, and with citizenship in Illinois." (Second Am. Compl. ¶¶ 3-5.) Importantly, the Plaintiffs failed to include the corporations' principal places of business.

Again, we admonish the Plaintiffs that as to Defendant NR Trucking, Inc.; Defendant Imperial Eagle Express, Inc.; and Defendant King's Way Express, Inc., corporations "are deemed to be citizens of the state in which they are incorporated *and* of the state in which they have their principal place of business." *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990) (emphasis added); *see* 28 U.S.C. § 1332(c)(1). Thus, the Court must be apprised of *both facts* with respect to these Defendants.

Therefore, the Plaintiffs are instructed to file a Third Amended Complaint, properly detailing the citizenship of each party, by April 8, 2008.

SO ORDERED.

Enter for this 28th day of March, 2008.

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge